# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:14-CR-00028-KJD-GWF |
| v. | **ORDER** |
| ALBERT J. WRIGHT, | |
| Defendant. | |

Presently before the Court are Defendant's Motion for an Order for U.S. Marshal to take Custody (#32) and Motion to Amend Judgment (#33). Essentially, Defendant wishes to have his federal sentence run concurrently with his state court sentence.

Defendant was indicted on January 28, 2014 on one charge of felon in possession of a firearm. Plaintiff was in the custody of the State of Nevada, in other words, Nevada had primary jurisdiction of defendant when he was transferred to federal court on a *writ of habeas corpus ad prosequendum* on or about January 28, 2014 (#5/6). After imposition of sentence upon Defendant, custodianship of Defendant was returned to the State of Nevada where Defendant pled guilty to one count of Discharging Firearm Out of Motor Vehicle on or about January 8, 2015.

Production of a defendant via a federal *writ of habeas corpus ad prosequendum* does not shift primary jurisdiction to federal authorities. See Del Guzzi v United States, 980 F.2d 1269 (9th Cir.

1992). A federal sentence does not begin to run when a federal defendant is produced for prosecution by a federal *writ of habeas corpus ad prosequendum* from state custody. See Thomas v. Brewer, 923 F.2d 1361 (9th Cir. 1991). The state authorities retain primary jurisdiction over the prisoner and federal custody does not commence until the state authorities relinquish the prisoner on satisfaction of the state obligation. See Del Guzzi, 980 F.2d at 1270-71. The state sentencing court can order its sentence to run concurrently with the federal sentence, but has no authority to order the federal sentence to run concurrent with the state sentence. See, e.g., Taylor v. Sawyer, 284 F.3d 1143 (9th Cir. 2001).

In this case, the plea agreement (#27) neither contained a condition nor made any provision regarding whether Defendant's sentence would run concurrently or consecutively to any state court sentence. Further, at sentencing on October 28, 2014 (#29), the Court did not order his federal sentence to run concurrently to a state sentence which had not yet been imposed.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for an Order for U.S. Marshal to take Custody (#32) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion to Amend Judgment (#33) is **DENIED**.

DATED this 16th day of November 2016.

_____
Kent J. Dawson
United States District Judge